IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. HEISER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

AMY L. HEISER, APPELLANT.

Filed August 22, 2017.    Nos. A-16-1226 through A-16-1228.

Appeals in Nos. A-16-1226 and A-16-1227 from the District Court for Holt County and appeal in No. A-16-1228 from the District Court for Boyd County: MARK D. KOZISEK, Judge. Judgments in Nos. A-16-1226 and A-16-1228 affirmed. Judgment in No. A-16-1227 affirmed in part and in part vacated, and cause remanded with directions.

Rodney W. Smith, Holt County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

MOORE, Chief Judge, and PIRTLE and BISHOP, Judges.

MOORE, Chief Judge.

INTRODUCTION

This opinion involves three appeals from two counties, which have been consolidated for briefing and disposition: case No. A-16-1226 (the possession of a deadly weapon case), case No. A-16-1227 (the possession of methamphetamine case), and case No. A-16-1228 (the sexual assault of a child case).

In the sexual assault of a child case, Amy L. Heiser pled no contest to third degree sexual assault of a child, a Class IIIA felony. The district court for Boyd County sentenced her to 5 years' probation. After Heiser's commission of the crimes at issue in the other two cases, her probation

- 1 -

in the sexual assault of a child case was revoked, and the court imposed a sentence of 20 to 20 months' imprisonment.

In the possession of a deadly weapon case, Heiser pled guilty to possession of a deadly weapon by a prohibited person, a Class ID felony. The district court for Holt County sentenced her to 36 to 36 months' imprisonment, to be served consecutively to the sentence imposed in the sexual assault of a child case.

In the possession of methamphetamine case, Heiser pled guilty to possession of a controlled substance (methamphetamine), a Class IV felony. The district court for Holt County sentenced her to 20 to 60 months' imprisonment, to be served consecutively to the sentences imposed in the sexual assault of a child case and the possession of a deadly weapon case.

On appeal in all three cases, Heiser argues that the sentences imposed were excessive. For the following reasons, we affirm in part, and in part vacate and remand with directions.

BACKGROUND

SEXUAL ASSAULT OF CHILD CASE

On June 24, 2013, the State filed an information in the Boyd County District Court, charging Heiser with first degree sexual assault of a child in violation of Neb. Rev. Stat. § 28-319.01 (Reissue 2016), a Class IB felony.

The parties entered into a plea agreement, under which Heiser agreed to plead no contest to an amended charge of third degree sexual assault of a child in violation of Neb. Rev. Stat. § 28-320.01 (Reissue 2016), a Class IIIA felony. The parties agreed to jointly recommendation a sentence of 5 years' probation, and either party was free to argue as to whether any jail time should be included as a term of probation.

At the plea hearing on December 30, 2013, the district court gave Heiser leave to withdraw her previous plea of not guilty. Heiser waived service of the amended information, was arraigned, and voluntarily pled no contest to the charge of third degree sexual assault of a child. According to the factual basis provided by the State, in January 2010 when Heiser was 31 years old, she began a sexual relationship with the then 14-year-old male victim. The relationship, which continued for a period of over a year, included sexual contact as defined by statute. The court accepted Heiser's plea, found her guilty of third degree sexual assault of a child, and ordered a presentence investigation (PSI).

Following a sentencing hearing, the district court sentenced Heiser to 5 years' probation. The court entered a judgment of probation with conditions including that she not violate any laws, avoid social contact with individuals having criminal records, not have possession of any firearms, not use or possess alcohol or controlled substances and submit to screening tests to determine her compliance with this condition, and not be in the company of any male individual under 18 years for more than 3 minutes without approval of the probation officer (with exceptions for immediate family members and contact occurring in retail or commercial establishments during regular business hours in the presence of other adults).

On April 1, 2016, the State filed an information and affidavit in the district court and an amended information and affidavit on June 6, alleging that Heiser had violated multiple conditions of her probation and asking the court to revoke probation and to sentence Heiser accordingly.

At an evidentiary hearing held before the district court on July 25, 2016, the State put forth evidence concerning Heiser's violation of various terms of her probation. The court found clear and convincing evidence that Heiser had violated the terms of her probation by possessing a firearm or deadly weapon and possessing and using methamphetamine, which actions led to the charges in the two Holt County cases, and by having social contact with individuals having criminal records or who were on probation or parole, which contact included contact with the victim in the sexual assault of a child case. The court found Heiser guilty of violating her probation, requested an updated PSI, and scheduled a sentencing hearing.

POSSESSION OF DEADLY WEAPON CASE

On March 18, 2016, the State filed an information in the Holt County District Court, charging Heiser with possession of a deadly weapon by a prohibited person in violation of Neb. Rev. Stat. § 28-1206 (Reissue 2016), a Class ID felony, and possession of a stolen firearm in violation of Neb. Rev. Stat. § 28-1212.03 (Reissue 2016), a Class IIA felony.

The parties entered into a plea agreement involving both of the Holt County cases, under which Heiser agreed to plead to possession of a deadly weapon by a prohibited person and possession of methamphetamine, and the State agreed to dismiss the additional charges in both Holt County cases. Additionally, the State agreed to recommend any sentence imposed in the Holt County cases run concurrent to each other and concurrent to any sentence imposed by the Boyd County District Court upon revocation of Heiser's probation in sexual assault of a child case. Finally, the State agreed not to file additional charges arising from Heiser's conduct on the respective dates in question in the Holt County cases.

At the plea hearing held before the district court on August 22, 2016, Heiser pled guilty to possession of a deadly weapon by a prohibited person. In response to questions from the court, Heiser admitted that on January 2, she had possession of a semi-automatic rifle which had been left in her car, that she operated the car knowing the rifle was in it, and that she had been previously convicted of a felony and had been informed that one of the repercussions of that conviction was that she could not possess a deadly weapon. Heiser also agreed that the rifle had been left in her car by the victim in the sexual assault of a child case and that her possession of the rifle occurred in Holt County. Upon finding beyond a reasonable doubt that a factual basis existed for Heiser's plea, the court accepted Heiser's plea, found her guilty of possession of a deadly weapon by a prohibited person, and ordered a PSI.

POSSESSION OF METHAMPHETAMINE CASE

On August 19, 2016, the State filed an information in the Holt County District Court, charging Heiser with possession of methamphetamine in violation of Neb. Rev. Stat. § 28-416(3) (Reissue 2016), a Class IV felony, and possession of drug paraphernalia in violation of Neb. Rev. Stat. § 28-441 (Reissue 2016), an infraction.

The parties entered into a plea agreement with respect to the two Holt County cases as set forth above.

At the August 22, 2016 plea hearing, Heiser pled guilty to possession of methamphetamine. In response to questions from the district court, Heiser admitted that on May 18, she possessed a

substance she knew was methamphetamine and that she knew that it was illegal to possess methamphetamine. As further factual basis, the State noted that law enforcement had responded to a suspected shoplifting involving Heiser and a juvenile female and that the methamphetamine was found upon a consensual search of Heiser's vehicle. Upon finding beyond a reasonable doubt that a factual basis existed for Heiser's plea, the court accepted Heiser's plea, found her guilty of possession of methamphetamine, and ordered a PSI.

## CONSOLIDATED SENTENCING HEARING

Heiser waived venue from Boyd County, and a sentencing hearing in the sexual assault of a child case was held in Holt County on November 28, 2016, consolidated with sentencing in the two Holt County cases. In the sexual assault of a child case, the district court revoked the previous order of probation and sentenced Heiser to 20 to 20 months' imprisonment with credit for 88 days served. In the possession of a deadly weapon case, the court sentenced Heiser to 36 to 36 months' imprisonment, gave her credit for 18 days of time served, and ordered that the her sentence be served consecutive to her sentence in the sexual assault of a child case. In the possession of methamphetamine case, the court sentenced Heiser to 20 to 60 months' imprisonment and ordered that her sentence in that case be served consecutive to the sentences in both the possession of a deadly weapon case and the sexual assault of a child case. Heiser now appeals.

## ASSIGNMENTS OF ERROR

Consolidated, Heiser asserts that the sentences imposed by the respective district courts are excessive and constitute an abuse of discretion.

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Rogers*, 297 Neb. 265, ___ N.W.2d ___ (2017). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *State v. Jackson*, 297 Neb. 22, ___ N.W.2d ___ (2017).

## ANALYSIS

In all three cases, Heiser asserts that the sentences imposed by the respective district courts are excessive and constitute an abuse of discretion. The State argues that Heiser's sentences in the possession of a deadly weapon case and the sexual assault of a child case are not excessive. However, the State acknowledges that Heiser's sentence in the possession of methamphetamine case exceeds the statutory limits.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Chacon*, 296 Neb. 203, 894 N.W.2d 238 (2017). When imposing a sentence, the sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the

nature of the offense and (8) the violence involved in the commission of the offense. *Id*. The sentencing court is not limited to any mathematically applied set of factors. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

## SEXUAL ASSAULT OF CHILD CASE

In the sexual assault of a child case, Heiser's probation was revoked, and she was sentenced to 20 to 20 months' imprisonment on her Class IIIA felony conviction for third degree sexual assault of a child. § 28-320.01. Her offense occurred before the effective date of 2015 Neb. Laws, L.B. 605 and was punishable by a maximum sentence of 5 years' imprisonment, a $10,000 fine, or both, with no minimum sentence required. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2014). Heiser's sentence is within the statutory limits.

When sentencing Heiser, the district court had both the original PSI completed in 2014 and an undated PSI completed in 2016 available for its consideration. The court heard argument from the parties' attorneys and gave Heiser the opportunity to make a statement, which she declined. The court noted that Heiser had "basically ignored" the court's order that she have no contact with the victim, had continued her involvement with him, and had been involved in "numerous other criminal activities," both with and against the victim. The court found it "apparent . . . that probation is not an alternative at this time."

As set forth above, while on probation in the sexual assault of a child case, Heiser continued her contact with the victim in this case and with other individuals with criminal backgrounds contrary to the conditions of her probation, used methamphetamine, and engaged in criminal activity that led to her convictions of a Class ID felony and a Class IV felony in the Holt County cases. Her sentence is within the statutory limits, and there is nothing to show that the district court considered any inappropriate sentencing factors. The court did not abuse its discretion in sentencing Heiser in the sexual assault of a child case.

## POSSESSION OF DEADLY WEAPON CASE

Heiser was convicted of possession of a deadly weapon by a prohibited person and sentenced to imprisonment for a term of 36 to 36 months. Possession of a deadly weapon by a prohibited person is a Class ID felony, which is punishable by a mandatory minimum sentence of 3 years' imprisonment and a maximum sentence of 50 years' imprisonment. Neb. Rev. Stat. § 28-105 (Reissue 2016); § 28-1206. Heiser's sentence of 36 to 36 months' imprisonment is within the statutory limits and complies with the requirements of Neb. Rev. Stat. § 29-2204(1)(b) (Reissue 2016) for fixing the minimum and maximum sentence limits.

Heiser admitted to knowingly possessing the weapon in question, that she had been previously convicted of a felony, and that she knew, given her prior felony conviction, that she could not possess a deadly weapon. Heiser's sentence is within the statutory limits and is the lowest sentence allowed by law; her sentence is not excessive. There is nothing to show that the district court considered any inappropriate sentencing factors. The court did not abuse its discretion in sentencing Heiser in the possession of a deadly weapon case.

POSSESSION OF METHAMPHETAMINE CASE

Heiser was convicted of possession of methamphetamine and sentenced to imprisonment for a term of 20 to 60 months. Possession of methamphetamine is a Class IV felony. § 28-416; Neb. Rev. Stat. § 28-405 (Reissue 2016). Heiser committed the offense of possession of methamphetamine after August 30, 2015. A Class IV felony is now punishable by a maximum sentence of 2 years' imprisonment and 12 months' post-release supervision, or a $10,000 fine, or both, with no minimum term of imprisonment required, but if imprisonment is imposed, a minimum of 9 months' post-release supervision is required. Neb. Rev. Stat. § 28-105 (Reissue 2016). Her sentence was made consecutive to both her sentence for the Class IIIA felony conviction in the sexual assault of a child case (an offense committed prior to August 30, 2015) and to her sentence for the Class ID felony conviction in the possession of a deadly weapon case. Pursuant to Neb. Rev. Stat. § 29-2204.02(4) (Reissue 2016):

> For any sentence of imprisonment for a Class . . . IV felony for an offense committed on or after August 30, 2015, imposed consecutively or concurrently with (a) a sentence for a Class . . . IIIA . . . felony for an offense committed prior to August 30, 2015, or (b) a sentence of imprisonment for a Class . . . ID . . . felony, the court shall impose an indeterminate sentence within the applicable range in section 28-105 that does not include a period of post-release supervision, in accordance with the process set forth in section 29-2204.

Thus, Heiser's sentence needed to be an indeterminate sentence within the applicable range (0 to 24 months' imprisonment) with no period of post-release supervision. The sentence imposed by the district court of 20 to 60 months' imprisonment exceeds the maximum permissible sentence of 24 months' imprisonment. Accordingly, we vacate Heiser's sentence in the possession of methamphetamine case and remand the cause for resentencing.

CONCLUSION

Heiser's sentences in case No. A-16-1226 (possession of a deadly weapon case) and case No. A-16-1228 (sexual assault of a child case) were not an abuse of discretion and are affirmed. However, we find that the sentence imposed in case No. 16-1227 (possession of methamphetamine case) was an abuse of discretion because it exceeded the statutory limits. Consequently, we vacate Heiser's sentence in case No. 16-1227 and remand the cause for resentencing.

JUDGMENTS IN NOS. A-16-1226 AND A-6-1228 AFFIRMED.
JUDGMENT IN NO. A-16-1227 AFFIRMED IN PART AND IN PART
VACATED, AND CAUSE REMANDED WITH DIRECTIONS.